UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MONICA NUGENT and BRANDON VERNON,<br><br>               Plaintiffs,<br><br>    -v-<br><br>CAPITAL ONE AUTO FINANCE, INC., CAPITAL ONE BANK, and LONDON & LONDON,<br><br>               Defendants. | Civil Action No.: |

**DEFENDANTS CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A. AND CAPITAL ONE BANK'S NOTICE OF REMOVAL**

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Capital One Auto Finance, a division of Capital One, N.A. ("COAF") and Capital One Bank ("COB") (collectively, "Capital One") by and through counsel, hereby removes this civil action, pending in the Superior Court for the Judicial District of Stamford-Norwalk in the State of Connecticut, Docket No. FST-CV-25-5031842-S (the "State Court Action"), to the United States District Court for the District of Connecticut. Removal is proper because this Court has subject matter jurisdiction over the action under federal question jurisdiction. *See* 28 U.S.C. §§ 1331. Accordingly, Capital One removes this action to this Court, and in support thereof, states the following:

**I. BACKGROUND**

1.    Plaintiffs Monica Nugent and Brandon Vernon ("Plaintiffs") commenced the State Court Action by filing a Summons and Complaint in the Superior Court for the Judicial District of

Stamford-Norwalk in the State of Connecticut on February 7, 2025 (the "Complaint"). A copy of all process, pleadings, and orders is hereto as **Exhibit A**.

2. The Superior Court of Connecticut for the Judicial District of Stamford-Norwalk calendared Capital One's response to the Complaint as due within 30 days of the February 7, 2025 Return Date, which makes Capital One's response due on March 6, 2025. Capital One avers that it has not been properly served, but Capital One is "in receipt" of the Complaint as of March 4, 2025, and therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

3. This Notice of Removal is being filed within thirty days of receipt of the Complaint by Capital One. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. Consent of Plaintiff to this Removal is unknown; however, upon information and belief, no party will be prejudiced by Removal of this action.

5. Capital One has reviewed the State Court Action docket and to the best of Capital One's knowledge, Defendant London & London has not appeared in this matter as of the date and time of the filing of this Notice of Removal. Accordingly, consent from Defendant London & London is not required; however, upon information and belief, no party will be prejudiced by Removal of this action.

6. In the Complaint, Plaintiffs allege causes of action for: (1) violation of the Fair Credit Reporting Act ("FCRA"), (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) negligence, and (4) defamation.

7. Capital One denies the allegations in the Complaint, denies that Plaintiffs have stated any claim for which relief may be granted, and denies that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claim is valid, Plaintiffs could have originally filed the Complaint in this Court under federal question

jurisdiction. In the Complaint, Plaintiffs seek to recover for violations of the FCRA and FDCPA. Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331 and 1441.

8. No previous application has been made for the relief requested herein.

## II. FEDERAL QUESTION JURISDICTION

9. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

10. Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. In the Complaint, Plaintiffs allege Capital One violated the FCRA "by failing to conduct a reasonable investigation into Plaintiff Nugent's fraud claims and reporting inaccurate information to credit reporting agencies." *See* Compl. ¶¶ 16-18.

12. Federal question jurisdiction exists over this action because the allegations asserted by Plaintiffs in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiffs' Complaint alleges claims under, and requires a ruling on, federal law.

13. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

### III. VENUE

14. Venue is proper in this Court because the Judicial District of Stamford in the State of Connecticut, where this action is now pending, is within this judicial district. *See* 28 U.S.C. § 1441.

### IV. NOTICE

15. Concurrent with the filing of this Notice, Capital One will file a Notice of Filing of Notice of Removal with the Clerk of the Superior Court for the Judicial District of Stamford-Norwalk in the State of Connecticut, a copy of which is attached hereto as **Exhibit B**.

16. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. §1446(a).

### V. RESERVATION OF RIGHTS

17. Capital One does not concede in any way that the allegations in the Complaint are properly raised or that the Plaintiffs have asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Capital One reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of the action, Capital One requests the opportunity to present a brief and argument in support of its position that the case is removable.

18. Capital One reserves all rights, including, but not limited to, defenses and objections as to Plaintiff's failure to state a claim upon which relief can be granted. The filing of this Notice is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. §§ 1331, Defendants Capital One Auto Finance, a division of Capital One, N.A. and Capital One Bank, hereby remove this action to this Court.

| | |
|---|---|
| Dated: March 6, 2025<br>New York, New York | By: */s/ Bennet J. Moskowitz*<br>Bennet J. Moskowitz<br>TROUTMAN PEPPER LOCKE LLP<br>CT Bar #: 437932<br>875 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 704-6087<br>Email: bennet.moskowitz@troutman.com<br><br>*Attorneys for Defendants Capital One Auto Finance, a division of Capital One, N.A. and Capital One Bank* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March 2025, I caused to be electronically filed with the Clerk of the Court using the CM/ECF system the foregoing document, and sent, via FedEx Overnight Mail, to the following party.  Service of the foregoing was within the time prescribed by the Rules of the Court.

> Monica Nugent
> Brandon Vernon
> *Plaintiff*
> 31 Hawthorne Dr.
> Norwalk, CT 06851

I certify that I am not aware of the claims specifically asserted in the Complaint being the subject of any other action pending in this Court. Defendants reserve their rights to seek arbitration in this matter.

> */s/ Bennet J. Moskowitz*
> Bennet J. Moskowitz